UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

EDWIN FUENTES MOLINA
OLGA ACEVEDO PEREZ
D/B/A VAQUERIA EDWIN FUENTES

DEBTORS

CASE NUMBER 08-02894- ESL

CHAPTER 12

THE ESTATE OF
EDWIN FUENTES MOLINA
OLGA ACEVEDO PEREZ

Plaintiffs

Vs.

COOP. A/C BO. QUEBRADA
DE CAMUY

Defendants

ADVERSARY PROCEEDING NUMBER:

09-0104

OPINION AND ORDER

This adversary proceeding is before de court upon the motion to dismiss filed by defendant Cooperativa de Ahorro y Credito Quebrada de Camuy ("Cooperativa") and the opposition thereto by plaintiff. Cooperativa alleges that the complaint fails to state a claim upon which relief may be granted because it lacks supporting evidence of the value of the collateral. Plaintiff opposes the motion stating that it has supplied defendant with an appraisal of the real property object of the complaint and that the pleadings, particularly paragraph 10 clearly sets forth the value of the property. For the reasons set forth below the motion to dismiss is hereby denied.

THE COMPLAINT

The complaint essentially seeks a declaratory judgment to determine the extent of Cooperativa's security, if any, and its secured status. Paragraphs 6 through 11 describe the property

- 2 -

of the estate over which Cooperativa claims to have a security. Paragraphs 12 through 15 describe the liens affecting the property and debtors' claim for exemptions. Paragraph 13 specifically alleges that the value of the property as of petition date is $154,000. Paragraphs 16 through 26 describe the legal basis for plaintiff's request to determine that there is no equity in the property, after considering liens senior to Cooperativa, and, thus, Cooperativa holds an unsecured claim.. The court is not passing upon the merits of the allegations in the complaint. The court narrates what the complaint states for purposes of deciding the motion to dismiss.

STANDARD MOTION TO DISMISS

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F. 3d 17 (1st Cir. 2009). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

- 3 -

<u>DISCUSSION AND CONCLUSION</u>

After a careful review of the allegations of the complaint, as summarized above, and thoughtful consideration of applicable law, the court finds and concludes that the complaint pleads with sufficient factual specificity and legal support plausible claims for relief questioning the secured status of Cooperativa's claim. Therefore, Cooperativa's motion to dismiss is hereby denied.

IT IS SO ORDERED.

Dated this 17th of September, 2009, in San Juan, Puerto Rico.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge